

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**        March 29, 1961

Honorable Joe Resweber          Opinion No. WW-1031
County Attorney
Harris County                   Re: Whether a Chief Probation
Houston, Texas                      Officer has the authority
                                    to consent to an operation
                                    on a dependent child placed
                                    in his custody by a Judge of
Dear Mr. Resweber:                  the Juvenile Court?

        We are in receipt of your letter in which you request-
ed an opinion from this office concerning questions raised
by the Chief Probation Officer of Harris County. You stated
in your letter that where a juvenile had been declared depend-
ent and neglected by the Court, and where the Court has placed
such juvenile in the Chief Probation Officer's custody, does
such Probation Officer have the authority to sign a "consent
for operation" form when the juvenile needs an operation, which
includes the administration of anesthetics, and the hospital
requires a consent form to be signed.

        Your second question is as follows:

        "Is the Juvenile Court Judge's signature
        necessary on this form, either as the person
        giving consent for such medical care and/or
        in addition to signature of the Chief of Proba-
        tion Officer as legal custodian?"

        The subject of juvenile courts and dependent and neglected
children is covered by Title 43 of Vernon's Civil Statutes.

        Section 1, Article 2338-1, Vernon's Civil Statutes, pro-
vides in part as follows:

        " . . .

        "The principle is hereby recognized that
        children under the jurisdiction of the court
        are wards of the state, subject to the disci-
        pline and entitled to the protection of the
        state, which may intervene to safeguard them
        from neglect or injury and to enforce the
        legal obligations due to them and from them."

Article 2336 of Vernon's Civil Statutes provides as follows:

"In any case where the court shall award any dependent or neglected child to the care of any individual or institution in accordance with the provisions of this title, the child, unless otherwise ordered, shall become a ward and be subject to the guardianship of the institution or individual to whose care it is committed. Such institution or individual shall, with the consent of the court, have authority to place such child in a suitable family home, the head of such family being responsible for the maintenance and education of said child. Any institution or individual receiving any such child under the order of the court shall be subject to visitation or inspection by any person appointed by the court for such purpose; and the court, may at any time, require from any institution or person a report containing such information as the court shall deem proper or necessary, to be fully advised as to the care, education, maintenance and moral and physical training of the child, as well as the standing and ability of such institution or individual to care for such child. The court may change the guardianship of such child, if, at any time, it is made to appear to the court such change is to the best interest of the child. If, in the opinion of the court, the causes of the dependency of any child may be removed under such conditions or supervisions for its care, protection and maintenance as may be imposed by the court, so long as it shall be for its best interests, the child may be permitted to remain in its own home and under the care and control of its own parent, parents or guardian, subject to the jurisdiction and direction of the court; and when it shall appear to the court that it is no longer to the best interests of such child to remain with such parents or guardian, the court may proceed to a final disposition of the case."

The Legislature has further provided in Section 5 of Article 2338-1, Vernon's Civil Statutes, that the jurisdiction of the juvenile court is a continuing one until said ward becomes twenty-one (21) years of age unless discharged prior to that time.

Our statutes are silent as to giving direct authority to the courts or individual guardians to authorize specific operations where such ward is in need of same such as is provided for by the Constitution of New York (Art.6, par.18 as amended) and by Statute (Laws of 1922, C.547, amended by Laws of 1930, C.393) of that State. See In Re Rolkowitz, 25 N.Y.S. (2d) 625. We have not been able to find any Texas cases where the courts have written on the subject.

The Supreme Court of the State of Washington, In Re Hudson, 126 P.2d 765 (1942), in discussing that State's juvenile laws, which are similar to those of Texas, stated at page 776:

"The underlying reason for the creation of juvenile courts was to take in hand by the state, as a protector and guardian, the child who had commenced to go wrong because either the unwillingness or inability of the natural parents to guide that child compelled the intervention of the state."

The Court further stated at page 778:

". . . When that right of custody and control is forfeited by neglect of parents to care for the child, guardianship of the child may be awarded to another, who thereby succeeds to all the rights of the natural guardian whose obligation to provide the minor child with necessaries of life the successor legal guardian assumes. . . ."

It is our opinion that once a child has been judicially determined to be dependent and neglected and is removed from the control of the parents, he becomes a ward of the state. It is our opinion that the state succeeds to the rights of the parents, which would include the authorization for an operation or other medical care when said ward is in need of it. While Article 2336, Vernon's Civil Statutes, gives to the Juvenile Court the authority of placement of such ward and provides that such ward "shall become a ward and be subject to the guardianship of the institution or individual to whose care it is committed," it confers in addition upon the Juvenile Court a continuing supervision of the ward. Such supervision shall continue until said ward becomes twenty-one (21) years of age or until said ward is discharged from its jurisdiction.

In answer to your first question, it is our opinion that the Chief Probation Officer does not have the independent

authority to sign a "consent for operation" form for a juvenile ward under his control.

In answer to your second question, it is our opinion that the juvenile court stands in loco parentis to the ward, and standing in that position exercises that authority which has long been recognized as being reserved only to parents.

Since our Legislature has recognized that such children are wards of the State and "subject to the discipline and entitled to the protection of the state" and recognizing further that there is more responsibility assumed by the State than merely to declare a child dependent and neglected and taken from its unhealthy environment, they have clothed such court with a mantle of continuing protection and supervision until the ward reaches his majority or until such time as such court may deem it to the best interest of the ward to be discharged. It is our opinion that it was the intention of the Legislature that a decision which may result in life or death of one of its wards is reserved only to the court of that jurisdiction which has assumed the responsibilities of the State as is provided by statute.

## SUMMARY

The Chief Probation Officer, in whose custody a Juvenile Court has placed a dependent and neglected child, does not have the individual authority to sign a "consent for operation" form when such juvenile needs an operation and the hospital requires a consent form to be signed.

The Judge of the Juvenile Court has the authority to sign a "consent for operation" form where an operation is needed by a juvenile who has been placed in the custody of a Probation Officer.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Leon F. Pesek
Leon F. Pesek
Assistant

LFP:mm:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Jot Hodges, Jr.
J. Arthur Sandlin
Joe B. McMaster

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Morgan Nesbitt